UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **THOMAS FICK ET AL.**<br>    Plaintiffs | **CIVIL ACTION** |
| **VERSUS** | **No. 13-6608** |
| **EXXON MOBIL CORPORATION,**<br>    Defendant | **SECTION "E"** |

### ORDER AND REASONS

Before the Court is a motion for reconsideration filed by Defendant Exxon Mobil Corporation ("Exxon").[1] Exxon requests the Court to reconsider its February 1, 2016, order[2] granting Plaintiffs' motion *in limine* to exclude the testimony of proposed expert Dennis K. Manuel.[3]

### BACKGROUND

This is a personal injury case. Plaintiffs Thomas Fick and Antoine Gregoire[4] (collectively, "Plaintiffs") allege that, while shrimping in Bayou Jean La Croix Field in Terrebonne Parish, Louisiana, on October 23, 2013, Fick was operating a Carolina Skiff boat in a navigable waterway when the boat struck a "pipe to the well owned by Exxon."[5] Fick and Gregoire allege they sustained severe injuries as a result of the allision.[6] On December 9, 2013, Fick filed this suit against Exxon Mobil Corporation.[7] Plaintiffs allege

---

[1] R. Doc. 110.
[2] R. Doc. 103.
[3] R. Doc. 83.
[4] Plaintiff Antoine Gregoire was named in the Third Amended Complaint. R. Doc. 38.
[5] R. Doc. 1 at ¶ IV; R. Doc. 64-17 at 2; R. Doc. 69 at 2.
[6] *Id.*
[7] R. Doc. 1. The Amended Complaint, filed June 17, 2014, named Gulf South Pipeline Company, L.P. ("Gulf South") as an additional defendant. R. Doc. 10. Plaintiffs filed a motion to dismiss Gulf South, however, on March 12, 2015, which the Court granted. R. Docs. 33, 36.

1

that Exxon was negligent and seek compensatory and punitive damages under the general maritime law.[8]

On December 29, 2015, Plaintiffs filed a motion *in limine* to exclude the testimony of Defendant's proposed expert Dennis K. Manuel.[9] Exxon filed a response in opposition on January 19, 2016,[10] and Plaintiffs filed a reply memorandum on January 25, 2016.[11]

On February 1, 2016, the Court granted Plaintiffs' motion *in limine*.[12] Exxon filed this motion for reconsideration on February 3, 2016.[13] Plaintiffs filed a response in opposition on February 4, 2016.[14]

## STANDARD OF LAW

A motion for reconsideration filed within 28 days of entry of an order is considered a motion to alter or amend a judgment under Rule 59(e) of the Federal Rules of Civil Procedure.[15] A motion for reconsideration must "clearly establish either a manifest error of law or fact or must present newly discovered evidence . . . [and] cannot be used to raise arguments which could, and should, have been made before the judgment issued."[16] The Court may grant relief under Rule 59(e)(1) "if an intervening change in controlling law occurs; if new evidence becomes available; or to correct a clear

---

[8] R. Doc. 1 at ¶¶ V–VII; R. Doc. 38.
[9] R. Doc. 83.
[10] R. Doc. 96.
[11] R. Doc. 100.
[12] R. Doc. 103.
[13] R. Doc. 110.
[14] R. Doc. 114.
[15] *Castrillo v. Am. Home Mortgage Servicing, Inc.*, No. 09-4369, 2010 WL 1838061, at *1 (E.D. La. May 5, 2010) (citing FED. R. CIV. P. 59(e); *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 353 (5th Cir.1993)); *Hanna v. Maxwell*, 548 F. App'x 192, 194–95 (5th Cir. 2013); Waites v. Lee Cty. Miss., 498 F. App'x 401, 403–04 (5th Cir. 2012).
[16] *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (quotations omitted) (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).

error [of] law or prevent manifest injustice."[17] The Court has "considerable discretion" in deciding whether to grant a Rule 59(e) motion.[18]

## DISCUSSION

In the Court's order granting Plaintiffs' motion *in limine*, the Court determined that Exxon failed to establish by a preponderance of the evidence that Manuel is qualified by scientific, technical, or other specialized knowledge to testify as an expert in this matter. The Court also found Manuel lacks the education, experience, and expertise necessary for him to express the opinions contained in his report. The Court found Exxon failed to establish that Manuel's testimony is reliable or based on sufficient scientific or technical basis and expertise to support the findings of his report.[19]

The Court noted that Manuel is not a licensed surveyor and explained that it saw "no indication a survey was performed."[20] In Exxon's motion for reconsideration, Exxon argues the Court should reconsider its order because Manuel hired a survey company, C.H. Fenstermaker, to survey the area surrounding Plaintiffs' allision site, and "[a] very thorough survey was completed by a very competent, international survey company, all under the direction of Dennis Manuel."[21] Exxon also clarified that Manuel's expertise is in interpreting survey data and not in performing surveys.[22]

In ruling on the motion to exclude, the Court inadvertently overlooked the Field Work Composite Drawing attached to Defendant's opposition to Plaintiffs' motion to

---

[17] McGillivray v. Countrywide Home Loans, Inc., 360 F. App'x 533, 537 (5th Cir. 2010) (citing *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002)).
[18] *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995).
[19] R. Doc. 103 at 7.
[20] *Id.* at 6.
[21] R. Doc. 110-2 at 2.
[22] *Id.* at 4.

3

exclude.[23] This led the Court to make a factual error, as the Court concluded that "Manuel had no survey on which he could rely."[24] The Court finds this factual error, if not corrected, would result in manifest injustice to Exxon. Consequently, the Court now reconsiders its order on Plaintiffs' motion to exclude Manuel's testimony.

Rule 702 of the Federal Rules of Evidence governs the admissibility of expert witness testimony:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.[25]

The party seeking to offer expert testimony bears the burden of establishing, by a preponderance of the evidence, that "(1) the expert is qualified; (2) the testimony is relevant to an issue in the case; and (3) the testimony is reliable."[26]

Manuel began working for ExxonMobil in 1982, where he worked as an operator and engineering technician.[27] As an engineering technician, he "was often responsible for designing Corps of Engineer . . . wetlands permit plats," which "required hiring a surveying company to survey the field so [he] could consider and take into account the wetland features of the field, around existing oil and gas assets."[28] Manuel stated in his declaration that, in that capacity, he "analyzed and interpreted survey results for over

---

[23] R. Doc. 96-3 at 1.
[24] R. Doc. 103 at 6.
[25] FED. R. EVID. 702.
[26] *Motio, Inc. v. BSP Software, LLC*, No. 4:12-CV-647, 2016 WL 105299, at *1 (E.D. Tex. Jan. 8, 2016) (citing *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 590–91 (1993)). *See also Mathis v. Exxon Corp.*, 302 F.3d 448, 459–60 (5th Cir. 2002); *AMW Sports, LLC v. State Farm Fire and Cas. Co.*, No. 10-651, 2012 WL 39380, at *1 (M.D. La. Jan. 9, 2012) ("Plaintiffs, the proponents of the expert evidence at issue, have the burden of demonstrating that their expert is qualified to testify in the field that he is offered and that his opinions are both reliable and relevant.").
[27] *Id.*
[28] R. Doc. 96-1 at ¶¶ 7–8.

4

fifteen years" and "hired, dispatched, and accompanied approximately 350+ survey crews throughout [his] career."[29] After retained by Exxon to investigate Plaintiffs' claims in this case, Manuel hired a C.H. Fenstermaker survey crew to conduct a survey of the allision site.[30] Manuel bases much of his report on the data from the survey.

The Court finds Exxon has met its burden of establishing that Manuel is qualified to testify as an expert in this matter.[31] Accordingly, the Court will consider Manuel's entire declaration—as the Court instructed counsel for Exxon to submit an affidavit or declaration from Manuel in lieu of a *Daubert* hearing—to determine whether Manuel's opinions have "a sufficiently reliable scientific or technical basis."[32]

Exxon seeks to have Manuel testify regarding all of the opinions contained in his report.[33] In Plaintiffs' motion to exclude, Plaintiffs identified six opinions Manuel gives in his report: (1) the location of the D-15 well; (2) the location of the facility that would have received production from the D-15 well; (3) the route of the D-15 well flow line; (4) the likelihood that any one of the multiple pipeline segments near Plaintiffs' allision coordinates was at one time associated with the D-15 well; (5) the likelihood that flow lines or pipelines now in the vicinity of the D-15 well were scattered by hurricane surge tides from another facility; and (6) the likelihood that the line marked by Plaintiffs was associated with the D-15 well.[34]

---

[29] *Id.* at ¶ 8.
[30] R. Doc. 83-2; R. Doc. 110-2 at 2–3; R. Doc. 96-1 at ¶¶ 11–16.
[31] The Court again notes that, with respect to Manuel's association with Exxon, Plaintiffs challenge his bias and objectivity. R. Doc. 83-1 at 2–3. Manuel's bias and objectivity are not a question of admissibility but go to the weight to be given to the expert and his testimony, a determination to be made by the trier of fact. *See Moss v. Ole S. Real Estate, Inc.*, 933 F.2d 1300, 1307 (5th Cir. 1991) ("The court must allow the jury to make credibility decisions and to decide what weight to afford a report's findings."). If Manuel were qualified to testify as an expert witness, the jury would determine the credibility of his testimony, which presumably would be subject to vigorous cross examination by Plaintiffs.
[32] *Watkins v. Telsmith, Inc.*, 121 F.3d 984, 993 (5th Cir. 1997).
[33] R. Doc. 110-2 at 5.
[34] R. Doc. 83-1 at 1–3.

In Defendant's opposition to the motion *in limine*, Defendant stated, "While it is not clear if Plaintiff has actually challenged Manuel's qualifications for opining on where the D-15 well was located, if this challenge has been made, Manuel's Declaration demonstrates that he is qualified to do so, especially when considering the well's location is not in dispute."[35] The parties do not dispute the location of the well, the first opinion in Manuel's report. As a result, Manuel will be allowed to testify on the location of the D-15 well.

Manuel does not offer an opinion as to the location of the facility that would have received production from the D-15 well, Opinion 2 above, or as to the route the flowline from the D-15 well would have followed while in use, Opinion 3 above.[36] Therefore, the Court need not address Opinions 2 and 3 identified by Plaintiffs.

Plaintiffs' objections to Manuel's opinions regarding the following points remain at issue: (4) the likelihood that any one of the multiple pipeline segments near Plaintiffs' allision coordinates was at one time associated with the D-15 well; (5) the likelihood that flow lines or pipelines now in the vicinity of the D-15 well were scattered by hurricane surge tides from another facility; and (6) the likelihood that the line marked by Plaintiffs was associated with the D-15 well.

In analyzing whether Manuel may testify pursuant to Rule 702 regarding Opinions 4, 5, and 6 above, the Court reframes those issues as follows: (a) the presence of flow lines or pipelines in the vicinity of the D-15 well and Plaintiffs' allision site[37]; (b) which of those flow lines or pipelines were capped and which were broken or open-

---

[35] R. Doc. 96 at 6.
[36] R. Doc. 83-2; R. Doc. 96 at 6–7.
[37] R. Doc. 83-2 at 2.

6

ended[38]; (c) the likelihood that any one of the multiple flow line or pipeline segments near Plaintiffs' allision coordinates, including the pipe Plaintiffs' allegedly struck, was at one time associated with the D-15 well[39]; and (d) the likelihood that the flow lines or pipelines in the well's vicinity were scattered by hurricane surge tides from another facility.[40] Manuel concludes in his report:

> More probable than not, the majority of line segments found near the Humble D 15 well slip were distributed by hurricane tides. The capped line segment, more probable than not, is the terminal end of the Humble D 15 flow line (abandoned in place). This is the only line segment, more probable than not, appearing to belong to the Humble D 15. More probable than not, the additional line segments, all broken ended (including the segment marked by Mr[.] Fick), are hurricane tidal surge distribution from the nearby orphaned facility, adjacent well and pipe rack.[41]

Rule 702 requires Manuel's testimony to be based on sufficient facts or data and to be the product of reliable principles and methods.[42] Under Rule 703, Manuel may base his opinions "on facts or data in the case that [he] has been made aware of or personally observed."[43] Because he accompanied the survey crew to conduct the survey,[44] and because an expert interpreting and analyzing survey data would reasonably rely on the survey in doing so,[45] Manuel may rely on the survey and on his own observations in testifying about his opinions.

In light of Manuel's expertise, the survey, and his observations, the Court rules as follows:

---

[38] *Id.* at 2–3.
[39] *Id.*
[40] *Id.*
[41] *Id.*
[42] FED. R. EVID. 702.
[43] FED. R. EVID. 703.
[44] R. Doc. 96-1 at ¶¶ 13.
[45] *See* FED. R. EVID. 703 ("If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted.").

> (a) *The Presence of Flow Lines or Pipelines in the Vicinity of the D-15 Well and Plaintiffs' Allision Site*

Manuel may testify as to the presence of flow lines or pipelines in the vicinity of the D-15 well and Plaintiffs' allision site based on the survey data contained in the C.H. Fenstermaker survey detail and based on his observations when he went to the allision site with the survey crew. He may also testify about the size of the lines based on the survey and on his observations.[46] Further, Manuel may testify as to how well flow lines were typically laid out and the pattern Exxon followed when exiting a field, based on his experience as an Exxon engineering technician.[47]

> (b) *Which of those Flow Lines or Pipelines Were Capped and Which Were Broken or Open-ended*

Manuel may testify about which of the flow lines and pipelines in the well's vicinity, including the line Plaintiffs allegedly struck, were capped and which were broken or open-ended, based both on the C.H. Fenstermaker survey and on his observations. He may also testify about Exxon's custom and practice of capping flow lines when it plugged and abandoned wells in the 1970s and 1980s given his work and experience with Exxon and his knowledge of Exxon's practices.[48]

> (c) *The Likelihood that Any One of the Multiple Flow Line or Pipeline Segments near Plaintiffs' Allision Coordinates, including the Pipe Plaintiffs' Allegedly Struck, Was at One Time Associated with the D-15 Well*

Manuel may not testify as to the likelihood that particular flow lines and pipelines in the vicinity of the well, including the line Plaintiffs allegedly struck, were at one time associated with the D-15 well.

---

[46] *See* R. Doc. 96-1 at ¶ 24.
[47] *See id.* at ¶ 7.
[48] *See id.* at ¶ 20.

> *(d) The Likelihood that the Flow Lines or Pipelines in the Well's Vicinity Were Scattered by Hurricane Surge Tides from Another Facility*

Manuel may testify, based on his experience in the field, about his having personally witnessed the effects of hurricanes on oil fields and hurricane surge tides moving pipes and line segments.[49] He can discuss the hurricane damage to the nearby abandoned tank battery he observed when he was in the field with the survey crew.[50] Manuel may not, however, testify as to the likelihood that particular flow lines or pipelines in the well's vicinity were moved by hurricane surge tide.

## CONCLUSION

**IT IS ORDERED** that Defendant's motion for reconsideration is **GRANTED**.

**IT IS FURTHER ORDERED** that the Court's order prohibiting Dennis K. Manuel from testifying is hereby **VACATED**.[51] Plaintiffs' motion to exclude[52] is **GRANTED IN PART** and **DENIED IN PART**. Dennis K. Manuel may testify as an expert witness. His testimony, however, will be limited as stated herein.

**New Orleans, Louisiana, this 5th day of February, 2016.**

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　**SUSIE MORGAN**
　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

---

[49] *See id.* at ¶ 22.
[50] *See id.* at ¶ 23 – 25.
[51] R. Doc. 103.
[52] R. Doc. 83.