UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **THOMAS FICK ET AL.**<br>    Plaintiffs | **CIVIL ACTION** |
| **VERSUS** | **No. 13-6608** |
| **EXXON MOBIL CORPORATION,**<br>    Defendant | **SECTION "E"** |

### ORDER AND REASONS

Before the Court is Plaintiffs' motion for sanctions due to spoliation of evidence.[1] The motion is opposed.[2] For the reasons that follow, the motion is **DENIED**.

Plaintiffs seek sanctions for spoliation of evidence, arguing the Defendant, ExxonMobil Corporation, "failed to preserve documents evidencing whether or not the flowlines associated with the D-15 well at issue in this litigation were removed."[3] Plaintiffs contend Exxon entered into a lease agreement with Louisiana Land and Exploration Company ("LL&E") in 1950.[4] In 1983, at the end of the lease, LL&E requested Exxon remove all pilings and debris from the leased premises in hopes of "avoiding any future liability to [the] respective companies."[5] Plaintiffs contend Exxon has produced documents with respect to the unplugging and abandonment of the D-15 well, but have not produced evidence with respect to whether the flowlines were removed.[6]

Plaintiffs argue the statement in the 1983 letter from LL&E directing Exxon to remove its property from the leased premises in hopes of avoiding future liability put

---

[1] R. Doc. 249.
[2] R. Doc. 266.
[3] R. Doc. 249.
[4] R. Doc. 249-1 at 2.
[5] R. Doc. 249-3.
[6] R. Doc. 249-1 at 2.

1

Exxon on notice of future litigation, giving rise to a duty to preserve evidence.[7] Furthermore, Plaintiffs argue Exxon's decision to preserve some records but purge others indicates bad faith.[8]

In its opposition, Exxon argues Plaintiffs fail to establish the documents they allege were spoliated ever existed.[9] Further, Exxon argues it did not have a duty to preserve any documents because the duty to preserve evidence arises during the litigation or during a time when the party knew litigation was imminent.[10] Finally, Exxon argues it did not act in bad faith by destroying records, if any existed, as part of its standard 10-year document retention policy.[11]

"Spoliation of evidence is the 'destruction or the significant and meaningful alteration of evidence.'"[12] For the spoliation of evidence doctrine to apply, the movant must prove two elements: "(1) that the party having control over the evidence had a duty to preserve the evidence at the time it was destroyed; and (2) that the destruction of evidence was intentional."[13] "A duty to preserve arises when a party knows or should know that certain evidence is relevant to pending or future litigation."[14] "The duty to preserve material evidence arises not only during litigation, but also during the period before litigation when a party knew or should have known that litigation was imminent."[15]

In this case, Plaintiffs rely on a letter from LL&E written in 1983, which states "We appreciate your cooperation in this matter and trust that your efforts will result in

---

[7] R. Doc. 249-1 at 4.
[8] R. Doc. 2491- at 5.
[9] R. Doc. 266.
[10] R. Doc. 266 at 4.
[11] R. Doc. 266 at 7.
[12] *Guzman v. Jones*, 807 F.3d 707, 713 (5th Cir. 2015) (quoting *Rimkus Consulting Grp., Inc. v. Cammarata*, 688 F. Supp. 2d 598, 312 (S.D. Tex. 2010)).
[13] *Garnett v. Pugh*, No. 14-479, 2015 WL 1245672, at *4 (E.D. La. Mar. 18, 2015).
[14] *Ralser v. Winn Dixie Stores, Inc.*, 309 F.R.D. 391, 396 (E.D. La. 2015).
[15] *Dixon v. Greyhound Lines, Inc.*, No. 13-179, 2014 WL 6087226, at *1 (M.D. La. Nov. 13, 2014).

avoiding any future liabilities to our respective companies."[16] The Court finds this statement insufficient to give rise to a duty for Exxon to preserve documents. This statement could not have reasonably placed Exxon on notice that litigation was imminent.

Further, the Court finds Exxon did not act in bad faith. The Fifth Circuit permits sanctions against the spoliator "only upon a showing of 'bad faith' or 'bad conduct,'" and "[b]ad faith, in the context of spoliation, generally means destruction for the purpose of hiding adverse evidence."[17] To award sanctions for spoliation of evidence, Plaintiffs must present evidence that Exxon intended to deceive Plaintiffs or intentionally destroyed or altered evidence.[18] Instead, the Plaintiffs admit Exxon has a 10-year document retention policy.[19] The Court finds Plaintiffs produced insufficient evidence to establish Exxon acted in bad faith, acted in a manner intended to decide Plaintiffs, or intended to destroy or alter evidence.

**IT IS ORDERED** that Plaintiffs' motion for sanctions for spoliation of evidence[20] is **DENIED**.

New Orleans, Louisiana, this 7th day of December, 2016.

*Susie Morgan*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[16] R. Doc. 249-3.
[17] *See Guzman*, 807 F.3d at 713.
[18] *Id.*
[19] R. Doc. 249-1 at 3.
[20] R. Doc. 249.

3