UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **THOMAS FICK ET AL.**<br>    **Plaintiffs** | **CIVIL ACTION** |
| **VERSUS** | **No. 13-6608** |
| **EXXON MOBIL CORPORATION,**<br>    **Defendant** | **SECTION "E"** |

## ORDER

Defendant ExxonMobil Corporation has submitted an exhibit for in camera review.

Exxon submits the November 22, 2016 affidavit of Thomas Picou, a non-party fact witness who will be called by Plaintiffs at trial, seeking to be allowed to use the affidavit as an impeachment exhibit without disclosing the exhibit to the Plaintiffs.

As stated in the Fifth Circuit's opinion in *Chiasson v. Zapata Gulf Marine Corp.*, substantive evidence is that which is offered to establish the truth of a matter to be determined by the trier of fact, as opposed to impeachment evidence, which is offered to "discredit a witness . . . to reduce the effectiveness of [his] testimony by bringing forth evidence which explains why the jury should not put faith in [his] or [his] testimony."[1] In *Chiasson*, the court found the district court erred in allowing non-disclosure and admitting the surveillance tape at issue into evidence because the tape was "also relevant to substantive issues, and should have been disclosed on that basis."[2] The court further held "[b]ecause the tape is, at the very least in part substantive, it should have been disclosed prior to trial regardless of its impeachment value."[3]

---

[1] 988 F.2d 513, 517 (5th Cir. 1993) (internal quotations omitted).
[2] *Id.* at 516.
[3] *Id.* at 517–18.

1

Although Picou's affidavit may have some impeachment value, assuming he testifies in a manner inconsistent with the affidavit, it is also clearly relevant to the issues. As a result, the affidavit is not exempt from disclosure, and should have been produced to the Plaintiffs during discovery. The affidavit, however, is not listed on the Defendant's exhibit list[4] or as an exhibit in the Pre-trial Order,[5] and therefore may not be used as an exhibit at trial.

The Court also notes that even if the affidavit had been disclosed and would not be excluded on that basis, it does not qualify for the hearsay exclusion under Federal Rule of Evidence 801(d)(1)(A), which states the prior statement must be "inconsistent with the declarant's testimony and *was given under penalty of perjury at a trial, hearing, or other proceeding or in a deposition.*"[6] The affidavit Exxon seeks to use as an impeachment exhibit was not made at a trial, hearing, or other proceeding or in a deposition. Neither has the Defendant established that the affidavit was signed after the administration of an oath. As a result, the affidavit would be inadmissible.

**IT IS ORDERED** that Exxon's request to use the November 22, 2016 Picou affidavit for impeachment at trial is **DENIED**.

**IT IS FURTHER ORDERED** that Exxon produce the November 22, 2016 Picou affidavit to the Plaintiffs by **Friday, December 9, 2016** at **5:00 p.m.**

**New Orleans, Louisiana, this 7th day of December, 2016.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[4] R. Doc. 259.
[5] R. Doc. 265.
[6] FED. R. EVID. 801(d)(1)(A) (emphasis added).