UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **THOMAS FICK ET AL.**<br>    **Plaintiffs** | **CIVIL ACTION** |
| **VERSUS** | **No. 13-6608** |
| **EXXON MOBIL CORPORATION,**<br>    **Defendant** | **SECTION "E"** |

## ORDER AND REASONS

Before the Court is Plaintiffs' motion *in limine* to exclude evidence as to the lawsuit filed by Plaintiff Fick against Chevron and any other claims filed by Plaintiffs Fick or Gregoire.[1] The motion is opposed.[2]

Plaintiffs also filed an omnibus motion *in limine* seeking to exclude medical records obtained outside the discovery process and without signed HIPAA authorizations.[3] Because these medical records relate to Plaintiff Fick's 2002 accident resulting in his lawsuit against Chevron, the Court will now consider the omnibus motion *in limine*, in part, in this Order.

## BACKGROUND

This is a personal injury case. Plaintiffs Thomas Fick and Antoine Gregoire[4] (collectively, "Plaintiffs") allege that, while shrimping in Bayou Jean La Croix Field in Terrebonne Parish, Louisiana, on October 23, 2013, Fick was operating a Carolina Skiff boat in a navigable waterway when the boat struck a "pipe to the well owned by Exxon."[5]

---

[1] R. Doc. 284.
[2] R. Doc. 312.
[3] R. Doc. 285.
[4] Plaintiff Antoine Gregoire was named in the Third Amended Complaint. R. Doc. 38.
[5] R. Doc. 1 at ¶ IV; R. Doc. 64-17 at 2; R. Doc. 69 at 2.

1

Fick and Gregoire allege they sustained severe injuries as a result of the allision.[6] On December 9, 2013, Fick and Gregoire filed this suit against Exxon Mobil Corporation ("Defendant").[7] Plaintiffs allege that Defendant was negligent and seek compensatory and punitive damages under the general maritime law.[8]

On December 22, 2016, Plaintiffs filed this motion *in limine* to exclude the evidence as to the lawsuit filed by Plaintiff Fick against Chevron and any other claims filed by Plaintiffs Fick or Gregoire.[9] On the same date, Plaintiffs filed an omnibus motion *in limine* to exclude medical records obtained outside of the discovery process or without proper authorizations.[10]

## LAW AND ANALYSIS

### I. Lawsuits or Claims by Fick and Gregoire Other than Fick's Claim Against Chevron

Plaintiffs seek to exclude evidence relating to Fick's BP claim and any claim related to his 1992 car accident.[11] Likewise, Gregoire seeks to exclude evidence relating to his BP claim and also a 1992 work-injury related lawsuit.[12] Unlike Fick's lawsuit against Chevron, these claims and lawsuits are not substantially similar to the instant case. Further, the 1992 accidents occurred 21 years before the accident in this case. The Court finds that any probative value of evidence of these claims is not substantially outweighed by the danger of unfair prejudice, jury confusion, and delay. As a result, any evidence of Fick or

---

[6] *Id.*
[7] R. Doc. 1. The Amended Complaint, filed June 17, 2014, named Gulf South Pipeline Company, L.P. ("Gulf South") as an additional defendant. R. Doc. 10. Plaintiffs filed a motion to dismiss Gulf South, however, on March 12, 2015, which the Court granted. R. Docs. 33, 36.
[8] R. Doc. 1 at ¶¶ V–VII; R. Doc. 38.
[9] R. Doc. 284.
[10] R. Doc. 285. This motion *in limine* also addresses the issue of testimony concerning hurricanes and storms, but the Court will address that issue in a separate Order.
[11] R. Doc. 284-1 at 3.
[12] *Id.*

Gregoire's BP claims or incidents in 1992 are ruled inadmissible. This includes any medical reports indicating a claim or lawsuit existed and any letters or reports from a doctor with respect to these claims. Plaintiffs' motion *in limine* with respect to Fick and Gregoire's BP claims and incidents in 1992 is granted.

## II. Fick's 2002 Lawsuit Against Chevron

Plaintiff Fick seeks to exclude evidence of a lawsuit he filed against Chevron in 2002.[13] Fick contends the lawsuit is irrelevant and has limited probative value. In response, Exxon argues prior lawsuits are admissible as "other acts" under Rule 404(b).[14] Exxon also argues the Court should rule evidence of Fick's lawsuit against Chevron is relevant and admissible because it evidences a "substantially similar accident."[15] The Court agrees.

First, the Court finds the holding in *Scordill v. Louisville Ladder Group, LLC*[16] instructive. In *Scordill*, Judge Vance allowed the plaintiffs to use a substantially similar accident because there existed "material similarities in the facts and circumstances" of the two cases.[17] Judge Vance also noted "[t]he proponent of evidence of other accidents or occurrences must establish 'that the facts and circumstances of other accidents or occurrences are closely similar to the facts and circumstances at issue.'"[18] In this case, Exxon—as the proponent of evidence of Fick's 2002 lawsuit—bears this burden. In support, Exxon submits the complaints filed in Fick's lawsuit against Chevron and in the instant case against Exxon.[19] The allegations in these complaints demonstrate the two

---

[13] R. Doc. 284-1 at 1–2.
[14] R. Doc. 312 at 4.
[15] *Id.* at 5.
[16] No. 02-2565, 2004 WL 307475 (E.D. La. Feb. 17, 2004).
[17] *Id.* at *13.
[18] *Id.* at *12 (quoting *Johnson v. Ford Motor Co.*, 988 F.2d 573, 579 (5th Cir. 1993)).
[19] R. Doc. 312 at 1–3.

3

lawsuits arose out of substantially similar facts and circumstances. For instance, in both complaints, Fick alleges he was navigating a Carolina Skiff boat when he struck a pipe or other structure owned by the respective oil companies.[20] Fick's allegations of negligence against Chevron and Exxon are nearly identical.[21] Finally, in both suits, Fick alleged he sustained injuries to his back.[22] The Court finds these suits present materially similar facts and circumstances. As a result, the evidence is relevant and its probative value is not substantially outweighed by the danger of unfair prejudice.[23]

Fick's lawsuit against Chevron also is admissible under Rule 404(b) because the evidence tends to establish something other than Fick's litigiousness. Prior lawsuits may be admitted as "other acts" under Rule 404(b).[24] Rule 404(b) provides that evidence of "other acts" is permitted to be used "for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."[25] Although Exxon may not introduce evidence of Fick's 2002 lawsuit against Chevron for the purpose of showing he is litigious, Exxon has explained that it is introducing such evidence for the purpose of showing knowledge.[26] Accordingly, the Plaintiffs' motion *in limine* seeking to exclude evidence with respect to Fick's 2002 lawsuit against Chevron is denied.

Exxon must redact from any document used with respect to Fick's 2002 lawsuit against Chevron, including medical records and correspondence, any references to either

---

[20] *Id.* at 2.
[21] *Id.*
[22] *See* R. Doc. 312-3.
[23] *See* FED. R. EVID. 401; FED. R. EVID. 403.
[24] *Van Deelen v. Johnson*, 2008 WL 4683022, at *2 (D. Kan. 2008).
[25] FED. R. EVID. 404(b).
[26] R. Doc. 345. Exxon contends "Fick had knowledge that there were submerged obstructions present in the water he was navigating in during the allision at issue in this case." *Id.* at 2.

Plaintiffs' BP claims or incidents occurring in 1992. Exxon must provide to Plaintiffs by **Friday, January 6, 2017** at **5:00 p.m.** a copy of any exhibits redacted in accordance with this Order. On **Monday, January 9, 2017** at **8:30**, when the parties appear in chambers, Plaintiffs must inform the Court whether there exist any disputes regarding the redaction of the exhibits.

### III. Medical Records Related to 2002 Chevron Incident

Plaintiff Fick also seeks to prevent the introduction of "medical records obtained outside of the discovery process or without signed HIPAA authorizations provided during this litigation . . . because such evidence is hearsay and not properly authenticated."[27] Plaintiffs contend Exxon recently obtained medical records from Chevron's previous counsel regarding Mr. Fick's treatment by Dr. K.E. Vogel in 2003.[28] Because Exxon obtained these records from Chevron's prior counsel and not directly from Dr. Vogel, Plaintiffs argue, it has not been established that the documents are kept in the ordinary course of business and therefore they do not qualify under an exception to the hearsay rule.[29]

In response, Exxon first contends the records have been authenticated because the cover page of the packet of medical records is a document signed by Dr. Vogel's medical record custodian, certifying the record sent is a "true original created during the normal course of business."[30] Exxon argues the records were further authenticated by Dr. Paul Doty, Mr. Fick's treating physician, in his deposition.[31] Exxon contends the records

---

[27] R. Doc. 285 at 1. These medical records are exhibits 81 and 82 in the parties' objected-to exhibits.
[28] *Id.* at 5.
[29] *Id.*
[30] *Id.* at 6; R. Doc. 311-5 at 2. It is unclear exactly which four documents are being certified, as seven pages are attached to the certification, although the certification page references only four pages being certified. *See* R. Doc. 311-5.
[31] R. Doc. 311 at 6.

"mostly consist of Dr. Vogel's impressions and recommendations communicated to Dr. Doty in letter form" and therefore were kept by Dr. Doty in his usual course of business.[32] Exxon further argues that because Plaintiffs' counsel was copied on the letter from Dr. Vogel to Dr. Doty, the records are part of Plaintiffs' counsel's file relating to Mr. Fick's prior lawsuit and were therefore kept in the ordinary course of Plaintiffs' counsel's business.[33]

Neither Doctors Vogel nor Doty provided a current certification with respect to the medical records at issue because their records have been destroyed and are unavailable.

Dr. Doty is listed as a will call witness at trial, presumably to testify about his treatment of Fick following Fick's boating accident in 2002. The medical records at issue may qualify as an exception to the hearsay rule, and therefore be admissible under Rule 803(b)(6), if Dr. Doty is able to testify based on his personal knowledge that these documents were at one time in his now-destroyed files and that the documents were kept there in the regular course of his business. If Dr. Doty cannot provide such testimony, the documents are not admissible as an exception to the hearsay rule.

Even if the documents are not admissible as exceptions to the hearsay rule, however, Dr. Doty, as Fick's treating physician from 2002 to 2003, may testify about any communications he had with Dr. Vogel around that time. Rule 703, in relevant part, states "If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted. But if the facts or data would otherwise be inadmissible, the proponent of the opinion may disclose them to the jury only if their probative value in helping the jury

---

[32] *Id.*
[33] *Id.*

6

evaluate the opinion substantially outweighs their prejudicial effect."[34] Even though the medical records may otherwise be inadmissible, the Court finds Dr. Doty relied on them, that this is the sort of data an expert in his field would reasonably rely upon, and that their probative value substantially outweighs their prejudicial effect. As a result, they may be referenced by Dr. Doty and disclosed to the jury. Rule 703 provides an independent basis for admitting such evidence,[35] but the Court will give a limiting instruction upon request, informing the jury that the underlying information in the records may not be used for substantive purposes or accepted for their truth, but that the letters only serve as an addition to the expert's opinion and "is only as good as the independent evidence that establishes its underlying premise[]."[36]

The Plaintiffs' motion *in limine* with respect to Fick's medical records of Drs. Vogel and Doty relating to his injuries sustained in 2002 is denied.

## CONCLUSION

**IT IS ORDERED** that Plaintiffs' motion *in limine* regarding Plaintiffs' past claims and lawsuits[37] is **GRANTED IN PART** and **DENIED IN PART** as set forth above.

**IT IS FURTHER ORDERED** that Plaintiffs' motion *in limine* with respect to Fick's medical records relating to his 2002 lawsuit against Chevron[38] is **DENIED**.

New Orleans, Louisiana, this 5th day of January, 2017.

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[34] FED. R. EVID. 703.
[35] *i4i Ltd. P'ship v. Microsoft Corp.*, 670 F. Supp. 2d 568, 590 (E.D. Tex.), *aff'd as modified*, 589 F.3d 1246 (Fed. Cir. 2009), *opinion withdrawn and superseded on reh'g*, 598 F.3d 831 (Fed. Cir. 2010), *aff'd*, 564 U.S. 91, 131 S. Ct. 2238, 180 L. Ed. 2d 131 (2011).
[36] *Williams v. Illinois*, 132 S. Ct. 2221, 2241 (2012).
[37] R. Doc. 284.
[38] R. Doc. 285. The Court will address the remaining issues raised by the Plaintiff in Record Document 285 in a separate order.