UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **THOMAS FICK ET AL.**<br>    **Plaintiffs** | **CIVIL ACTION** |
| **VERSUS** | **No. 13-6608** |
| **EXXON MOBIL CORPORATION,**<br>    **Defendant** | **SECTION "E"** |

## ORDER AND REASONS

Before the Court is a motion *in limine* filed by Plaintiffs.[1] The motion is opposed.[2] In this motion *in limine*, Plaintiffs seek to prevent the introduction of evidence with respect to: (1) hurricanes or storms beyond the parameters discussed at the Pre-trial Conference and (2) medical records obtained outside of the discovery process or without signed HIPAA authorizations. The issue of medical records obtained outside of the discovery process was addressed in a separate order.[3] This order will address only the issue of evidence relating to hurricanes and storms and their effect on the movement of flowlines and pipelines.

Plaintiffs seek to exclude "any testimony concerning hurricanes/storms by any witness, including, but not limited to expert witnesses, beyond the fact that hurricanes occur, hurricanes have hit south Louisiana and that hurricanes can cause damage to structures."[4] Specifically, Plaintiffs seek to exclude "testimony about hurricanes moving objects."[5]

---

[1] R. Doc. 285.
[2] R. Doc. 311.
[3] R. Doc. 362.
[4] R. Doc. 285-1 at 1.
[5] *Id.*

1

A.  Cheryl Nixon

Plaintiffs contend Exxon's corporate representative, Cheryl Nixon, testified during her deposition that hurricanes or storms moved flowlines from an abandoned facility to the allision site. Plaintiffs argue this theory originated from Exxon's expert witness, Dennis Manuel, and Nixon's testimony with respect to the effect of hurricanes on the flowlines is inadmissible under Rule 701 because she has no personal knowledge upon which to base her testimony.[6]

With respect to the testimony of Cheryl Nixon, Exxon represents it has no intention of presenting testimony through Ms. Nixon that hurricanes or storms moved flowlines or pipelines from an abandoned facility to the allision site.[7] Exxon, however, argues Ms. Nixon's deposition testimony establishes she has "extensive personal knowledge regarding ExxonMobil's historic and customary practice of cutting and capping . . . lines that run from wells that have been plugged and abandoned."[8] Exxon contends Ms. Nixon should be permitted to testify that "based on ExxonMobil's practices, if a line remained in the field that was once associated with an ExxonMobil well, it could be capped and not broken-ended."[9]

In the minute entry from the pre-trial conference, the Court ruled "that Cheryl Nixon will not be allowed to testify about hurricanes."[10] Plaintiffs' motion with respect to Ms. Nixon is moot, as Exxon stated it will not present testimony through Ms. Nixon that hurricanes or storms moved flowlines or pipelines from an abandoned facility to the allision site. Ms. Nixon will be allowed to testify about Exxon's historic and customary

---

[6] *Id.* at 2.
[7] R. Doc. 311 at 1.
[8] *Id.* at 1–2.
[9] *Id.* at 2.
[10] R. Doc. 270.

practice of cutting and capping flowlines or pipelines that run from wells that have been plugged and abandoned, so long as her testimony is based on her personal knowledge.[11] Ms. Nixon, however, may not testify that, based on Exxon's practices, if a line remained in the field that was once associated with an Exxon well, it would be capped and not broken-ended. This testimony is not within Ms. Nixon's personal knowledge and amounts to speculation.

    B.  Dennis Manuel

Plaintiffs also argue no other witness should be allowed to testify about hurricanes or storms beyond the parameters set by the Court at the pre-trial conference.[12]

Exxon asserts Mr. Manuel will present testimony based on his experience and observations that are within the scope of the Court's order.[13] The Court has ruled Mr. Manuel "may testify, based on his experience in the field, about his having personally witnessed the effects of hurricanes on oil fields and hurricane surge tides moving pipes and line segments. He can discuss the hurricane damage to the nearby abandoned tank battery he observed when he was in the field with the survey crew."[14]

The Plaintiffs too narrowly construe the Court's ruling when they argue that no witnesses should be allowed to testify "about hurricanes moving objects."[15] Witnesses may testify generally, if based on their own personal knowledge, that they are aware of hurricane and surge tides moving pipes and line segments within oil fields. The Court reiterates that Mr. Manuel may not testify as to the likelihood that *particular* flow lines

---

[11] Exxon represents Ms. Nixon "does in fact have extensive personal knowledge regarding ExxonMobil's historic and customary practice of cutting and capping . . . lines that run from wells that have been plugged or abandoned." R. Doc. 311 at 2.
[12] R. Doc. 285-1 at 2–3.
[13] R. Doc. 311 at 2–3.
[14] R. Doc. 115 at 9; R. Doc. 270.
[15] R. Doc. 285-1 at 1.

3

or pipelines in the D-15 well's vicinity were moved by hurricane surge tide for two reasons. First, he lacks personal knowledge that this occurred. Second, the Court found his opinion to that effect contained in his expert report was not based on sufficient facts or data to be the product of reliable principles and methods.[16] Finally, Mr. Manuel will not be allowed to offer meteorological testimony about particular hurricanes that have affected South Louisiana.[17]

### C. Ralph Gipson

With respect to Exxon's expert, Ralph Gipson, Exxon contends Mr. Gipson will present testimony that is consistent with the conclusions set forth in his expert report. In his report, Mr. Gipson opines it is not uncommon for oil and gas infrastructure to be moved by storm surge, the damage sustained to the LL&E facility was likely a result of storm surge, the field at issue has been subject to the effect of numerous hurricanes and storms, and it is more likely than not that the uncapped line segment involved in the alleged allision was transported by storm surge from the LL&E facility to the site of the allision.[18]

Exxon argues Plaintiffs did not file a *Daubert* motion to exclude or limit Mr. Gipson's testimony, and the deadline for filing such a motion has expired.[19] In the trial court, challenges to an expert may be raised at any time,[20] although it is certainly preferable and a party is more likely to succeed if the challenge is raised in compliance

---

[16] R. Doc. 115 at 9; R. Doc. 270.
[17] R. Doc. 270. The Court also ruled that Defendant's exhibit #35 in the Pre-trial Order, Composite map showing the paths of hurricanes and tropical storms making landfall in Southeast Louisiana form 1980 to the present (Bates number EM-05649), intended to be introduced by Manuel, is inadmissible at trial.
[18] *Id.* at 3.
[19] *Id.* at 4.
[20] The Advisory Committee's notes to the 2000 amendments to Rule 702 state "the amendment makes no attempt to set forth procedural requirements for exercising the trial court's gatekeeping function over expert testimony." FED. R. EVID. 702, Advisory Committee Notes on 2000 Amendment.

with the scheduling order. The Court will treat the Plaintiffs' motion *in limine* as a *Daubert* motion with respect to Mr. Gipson's expert testimony.

Mr. Gipson may testify regarding hurricanes and storm surges within the same parameters established for Mr. Manuel's testimony. Mr. Gipson may testify based on his personal knowledge of the effects of hurricanes on oil fields and hurricane surge tides moving pipes and line segments. Mr. Gipson, however, may not testify as to whether the particular flowlines or pipelines in the D-15 well's vicinity were moved as a result of a hurricane or storm surge tide. Exxon has provided no evidence that Mr. Gipson has personal knowledge of these facts. Based on his expert report,[21] Mr. Gipson's opinion with respect to whether particular flowlines or pipelines in the D-15 well's vicinity were moved as a result of a hurricane or storm surge tide is not based on sufficient facts or data to be the product of reliable principles and methods. Finally, Mr. Gipson will not be allowed to offer meteorological testimony about particular hurricanes that have affected South Louisiana.

D.  Ordis "Buddy" Smith

With respect to the testimony of Exxon's fact witness, Buddy Smith, Exxon intends to elicit Mr. Smith's testimony that he has personal knowledge of storm and hurricane tidal surges moving oil and gas structures in the Bayou Jean Lacroix field.[22] Exxon argues Mr. Smith's testimony is admissible under Rule 602 because it is based on his personal knowledge.

---

[21] R. Doc. 311-2.
[22] *Id.* at 4–5.

5

Mr. Smith is the Coastal Wetlands Operations Supervisor for LL&E.[23] Exxon contends the results of his inspections are in the documents produced by LL&E, which Exxon should be permitted to discuss at trial.[24]

Mr. Smith testified at his deposition that he inspected the Bayou Jean Lacroix field after Hurricanes Ike and Gustav, as well as at other times. He will be allowed to give testimony based on his personal observations during those inspections and other visits to the property. He may testify about whether storm or hurricane tidal surges moved oil and gas structures in the Bayou Jean Lacroix field only to the extent he has personal knowledge of these facts. Mr. Smith may not testify as to whether the particular flowlines or pipelines in the D-15 well's vicinity were moved as a result of hurricane or storm surge tide because, based on his deposition testimony, Mr. Smith has no knowledge of these facts.[25] Finally, Mr. Smith will not be allowed to offer meteorological testimony about particular hurricanes that have affected South Louisiana.

## CONCLUSION

**IT IS ORDERED** that Plaintiffs' omnibus motion *in limine* regarding testimony about the effect of hurricanes and storms on flowlines and pipelines[26] is **GRANTED IN PART** and **DENIED IN PART** as set forth above.[27]

New Orleans, Louisiana, this 5th day of January, 2017.

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[23] *Id.*
[24] *Id.* at 5.
[25] Mr. Smith was offered only as a fact witness and not as an expert or a witness who will give lay opinion testimony.
[26] R. Doc. 285.
[27] The ruling at the Pre-trial Conference, R. Doc. 270, is clarified as set forth herein.