UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **THOMAS FICK ET AL.**<br>      Plaintiffs | **CIVIL ACTION** |
| **VERSUS** | **No. 13-6608** |
| **EXXON MOBIL CORPORATION,**<br>      Defendant | **SECTION "E"** |

## ORDER AND REASONS

Before the Court is a motion *in limine* filed by Exxon.[1] The motion is opposed.[2] In this motion *in limine*, Exxon seeks to prevent the introduction into evidence or to allow speculative testimony concerning other versions of the photograph Bates-numbered LLE_Fick01756. The photograph Bates-numbered LLE_Fick01756 was produced during discovery by Louisiana Land & Exploration Company ("LL&E").[3]

Ordis Smith, an employee of LL&E with knowledge of the photograph, was not deposed by Exxon until December 6, 2016.[4] The Court is unaware of any reason Mr. Smith could not have been deposed at an earlier date.

After Mr. Smith's deposition, the Court held a status conference with all counsel, at which time the Court allowed the parties additional time to retain expert witnesses on photogrammetry, if necessary, to exchange expert reports, and to file motions *in limine* with respect to these experts.[5]

Exxon now wishes to exclude from introduction into evidence the version of LLE_Fick01756 found in LL&E's files and made available for inspection at Mr. Smith's

---

[1] R. Doc. 280.
[2] R. Doc. 313.
[3] R. Doc. 280-2 at 2.
[4] *See* R. Doc. 280-3.
[5] R. Doc. 277.

1

deposition.[6] Exxon also wishes to exclude non-expert opinion testimony about a white line visible on this version of the photograph.[7]

Exxon's motion *in limine* to exclude the version of LLE_Fick01756 found in LL&E's files is denied. Exxon could have inspected the photograph found in LL&E's files earlier, and any failure is due to its own decisions, rather than any unfair prejudice. Further, the Court has provided ample opportunity for the parties to examine the photograph, retain experts, and produce expert reports.

Exxon also wishes to exclude a photograph of a portion of the version of LLE_Fick01756 found in LL&E's files taken with an iPhone through a loupe. The Court notes that this photograph is not needed for trial, as the version of LLE_Fick01756 found in LL&E's files may be displayed and enlarged on the Elmo for the benefit of the jury. A screen shot of the magnified image may be recorded by the Court and filed into the record for purposes of appeal. Exxon's motion *in limine* is granted insofar as it wishes to exclude the image of a portion of the version of LLE_Fick01756 found in LL&E's files taken with an iPhone through a loupe.

Exxon also wishes to exclude the enlargement of LLE_Fick01756 prepared by Plaintiffs' expert, Glen Hickerson. Exxon has filed a motion to exclude the testimony of Glen Hickerson.[8] The Court will consider this issue in a separate order.

The non-expert opinion testimony Exxon wishes to exclude appears to be that of Mr. Smith. Mr. Smith was able to identify the version of LLE_Fick01756 at issue as a photograph found in LL&E's files which was maintained there in the regular course of its

---

[6] R. Doc. 280.
[7] *Id*. at 2.
[8] R. Doc. 352.

business.[9] There is no indication that LL&E altered the version of the photograph found in LL&E's files or did anything else to render it suspicious or untrustworthy. Mr. Smith will be allowed to identify and authenticate the photograph and, based on his personal knowledge, to testify that it shows the area of the D-15 well, including the pit used in connection with the well. He also will be allowed to testify, based on his personal knowledge of LL&E's operations, that typically a single line for drilling fluid was installed for each pit. Mr. Smith will not be allowed to testify that the white line on the version of LLE_Fick01756 found in LL&E's files is a pipe because he lacks personal knowledge of this fact.

## CONCLUSION

**IT IS ORDERED** that Exxon's motion *in limine* to exclude the versions of the photograph LLE_Fick01756 found in LL&E's files other than the one produced in discovery[10] is **DENIED**, except that the photograph of a portion of the photograph taken with an iPhone through a loupe is excluded.

New Orleans, Louisiana, this 5th day of January, 2017.

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[9] R. Doc. 313-1 at 9–14.
[10] R. Doc. 280.