UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **THOMAS FICK ET AL.**<br>    **Plaintiffs** | **CIVIL ACTION** |
| **VERSUS** | **No. 13-6608** |
| **EXXON MOBIL CORPORATION,**<br>    **Defendant** | **SECTION "E"** |

## ORDER AND REASONS

Before the Court is a motion *in limine* filed by Defendant, ExxonMobil Corporation, to exclude the testimony of Plaintiff's proffered aerial photography expert, Glen Hickerson.[1] The motion is opposed.[2] For the reasons that follow, Defendant's motion is **DENIED**.

### BACKGROUND

On January 4, 2017, Exxon filed a motion *in limine* to exclude testimony or other evidence prepared by Glen Hickerson, Plaintiffs' aerial photography expert.[3] Exxon argues "Mr. Hickerson's expert opinions are inadmissible because he lacks sufficient qualifications in the field of photogrammetry and the methodology he employed to form his opinions is unreliable and/or unsupported."[4]

### STANDARD OF LAW

The Federal Rules of Evidence permit an expert witness with "scientific, technical or other specialized knowledge" to testify if such testimony "will help the trier of fact to understand the evidence or to determine a fact in issue," so long as "the testimony is based upon sufficient facts or data," "the testimony is the product of reliable principles and

---

[1] R. Doc. 352.
[2] R. Doc. 365.
[3] R. Doc. 352-1 at 1.
[4] *Id.*

methods," and "the expert has reliably applied the principles and methods to the facts of the case."[5] The threshold inquiry is whether the expert possesses the requisite qualifications to render an opinion on a particular subject matter.[6] If the expert's qualifications are found to be sufficient, the court then must examine whether the expert's opinions are reliable and relevant.[7] The United States Supreme Court's decision in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*,[8] provides the analytical framework for determining whether expert testimony is admissible under Rule 702. Under *Daubert*, courts, as "gatekeepers," are tasked with making a preliminary assessment of whether the expert's testimony is relevant and reliable.[9]

The party offering the expert opinion must show by a preponderance of the evidence that the expert's testimony is reliable and relevant.[10] The reliability of expert testimony "is determined by assessing whether the reasoning or methodology underlying the testimony is scientifically valid."[11] In *Daubert*, the Supreme Court enumerated several non-exclusive factors that courts may consider in evaluating the reliability of expert testimony.[12] "These factors are (1) whether the expert's theory can or has been tested, (2) whether the theory has been subject to peer review and publication, (3) the known or potential rate of error of a technique or theory when applied, (4) the existence and

---

[5] FED. R. EVID. 702.

[6] *Wagoner v. Exxon Mobil Corp.*, 813 F. Supp. 2d 771, 799 (E.D. La. 2011). *See also Wilson v. Woods*, 163 F.3d 935, 937 (5th Cir. 1999) ("A district court should refuse to allow an expert to testify if it finds that the witness is not qualified to testify in a particular field or a given subject.").

[7] *United States v. Valencia*, 600 F.3d 389, 424 (5th Cir. 2010).

[8] 509 U.S. 579 (1993).

[9] *See Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 243–44 (citing *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592–93 (1993)).

[10] *Mathis v. Exxon Corp.*, 302 F.3d 448, 459–60 (5th Cir. 2002).

[11] *Knight v. Kirby Inland Marine Inc.*, 482 F.3d 347, 352 (5th Cir. 2007). *See also Burleson v. Texas Dep't of Criminal Justice*, 393 F.3d 577, 584 (5th Cir. 2004); *Bocanegra v. Vicmar Servs., Inc.*, 320 F.3d 581, 584–85 (5th Cir. 2003).

[12] *Daubert*, 509 U.S. at 592–96.

maintenance of standards and controls, and (5) the degree to which the technique or theory has been generally accepted in the scientific community."[13]

The Supreme Court has cautioned that the reliability analysis must remain flexible. Various *Daubert* factors "may or may not be pertinent in assessing reliability, depending on the nature of the issue, the expert's particular expertise, and the subject of his testimony."[14] Thus, "not every *Daubert* factor will be applicable in every situation . . . and a court has discretion to consider other factors it deems relevant."[15] In sum, the district court is offered broad latitude in making expert testimony determinations.[16]

As a general rule, questions relating to the bases and sources of an expert's opinion affect the weight of the evidence rather than its admissibility and should be left for the finder of fact.[17] "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."[18] The Court is not concerned with whether the opinion is correct, but whether the preponderance of the evidence establishes that the opinion is reliable. "It is the role of the adversarial system, not the court, to highlight weak evidence."[19]

## DISCUSSION

### I.      Is Hickerson Qualified to Give Testimony?

Exxon argues Mr. Hickerson should be precluded from testifying about any version of the photograph Bates-numbered LLE_Fick01756 because he lacks the necessary

---

[13] *Bocanegra*, 320 F.3d at 584–85 (citing *Daubert*, 509 U.S. at 593–94).
[14] *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 150 (1999).
[15] *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 326 (5th Cir. 2004).
[16] *See, e.g., Kumho Tire*, 526 U.S. at 151–53.
[17] *See Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004).
[18] *Pipitone*, 288 F.3d at 250 (quoting *Daubert*, 509 U.S. at 596) (internal quotation marks omitted).
[19] *Primrose*, 382 F.3d at 562.

qualifications.[20] Specifically, Exxon argues Mr. Hickerson is not a certified photogrammetrist, and his expertise is limited to the examination of aerial photographs in contexts other than photogrammetry.[21]

In response, Plaintiffs argue Mr. Hickerson need not be a licensed photogrammetrist to provide helpful testimony, because "[w]hat is being asked is whether the two-dimensional photograph provided is a reliable source of information, and what information can be gleaned from said photograph."[22] Plaintiffs contend Mr. Hickerson is qualified to provide testimony on the topic of two-dimensional historical photograph interpretation.[23]

According to Mr. Hickerson's sworn declaration, he graduated from Radford University with a Bachelor of Science in Geology.[24] Thereafter, he worked for the EPA in its Environmental Photographic Interpretation Center ("EPIC"), which was established to "use monoscopic and stereoscopic aerial photographs and imagery to support [the] EPA's research and regulatory programs."[25] This work included the analysis of "current and historical environmental aerial photographic interpretation and photogrammetry."[26] While at EPIC, Mr. Hickerson was "involved in refining the technique for utilizing aerial photographs to identify lineament and fractures to determine groundwater flow influences."[27] Mr. Hickerson is currently the Vice President of Environmental Research,

---

[20] R. Doc. 352-1.
[21] *Id.* at 2–3.
[22] R. Doc. 365 at 3.
[23] *Id.*
[24] R. Doc. 365-2 at 2.
[25] *Id.*
[26] *Id.*
[27] R. Doc. 352-3 at 13.

Incorporated, and has over 30 years of experience in the fields of aerial photographic interpretation and photogrammetry.[28]

The Court finds Mr. Hickerson is qualified to testify as an expert in the field of historical aerial photography interpretation.

## II.    Is Hickerson's Methodology Reliable?

Exxon also argues Mr. Hickerson's methodology is unreliable because he did not use a stereo pair through a stereoscope to reach his conclusions, which Exxon contends is the "standard methodology."[29] Exxon argues "[s]tereoscopic coverage is absolutely necessary for any meaningful interpretation of imagery as well as the ability to obtain reliable measurements from aerial photographs."[30] Exxon further argues Mr. Hickerson's methodology is unreliable because using a stereo pair requires the use of multiple images, and Mr. Hickerson used only a single image.[31] Essentially, Exxon avers, Mr. Hickerson reached his conclusions based on a magnified image of LLE_Fick01756, which requires no scientific expertise and which invites speculation as to what the image depicts.[32]

In response, Plaintiffs argue Mr. Hickerson's methodology employs an interpretation of the historical aerial photograph—a methodology relied upon by the American Society for Photogrammetry and Remote Sensing.[33] Plaintiffs contend Mr. Hickerson's opinions were based on an analysis of the ten basic elements of photographic interpretation, an explanation of which can be found in the "Manual of Photographic Interpretation."[34]

---

[28] *Id.*
[29] R. Doc. 352-1 at 6.
[30] *Id.* at 4.
[31] *Id.* at 7.
[32] *Id.*
[33] R. Doc. 365 at 5.
[34] R. Doc. 365-4.

Although the use of stereo pairs viewed through a stereoscope is certainly a well-accepted method of examining a historical aerial photograph, it is not the only way. The Court finds that Mr. Hickerson's methodology is based on sufficient facts and data and is the product of reliable principles and methods. Mr. Hickerson's testimony will be helpful to the jury.

The Court finds the issues raised by Exxon with respect to the testimony and report offered by Mr. Hickerson go to the weight and not the admissibility of the evidence. Mr. Hickerson's testimony will not be excluded pursuant to Rule 702 of the Federal Rules of Evidence. Exxon will have the opportunity to cross-examine Mr. Hickerson and present contrary evidence of its own expert, Clifford Mugnier.

## CONCLUSION

For the foregoing reasons, Defendant's motion *in limine*[35] to exclude Plaintiff's proffered expert, Glen Hickerson, is **DENIED**.[36]

**New Orleans, Louisiana, this 9th day of January, 2017.**

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[35] R. Doc. 352.
[36] The Court has viewed a stereo pair of photographs through a stereoscope and is familiar with this technology. As a result, a live *Daubert* hearing is not necessary.